Law Offices of Gregory Messer, PLLC
Counsel to Debtors
26 Court Street, Suite 2400
Brooklyn, New York 11242
Telephone: (718)858-1474
Gregory Messer, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

PEDRO A. PEREZ JR. and NILSA M. PEREZ
[aka Peter A. Perez and Nilsa N. Rubin]

        Debtors.
-----------------------------------------------------------------X

Hearing Date: December 7th, 2021
Hearing Time: 10:00am

Chapter 7
Case No: 13-12554-mew

**NOTICE OF MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 350(b) TO ALLOW THE DEBTORS TO REOPEN THEIR BANKRUPTCY PROCEEDING, AND TO ALLOW THE DEBTOR TO AMEND SCHEDULES A/B and C**

**PLEASE TAKE NOTICE** that on December 7th, 2021 at 10:00am, or as soon thereafter as counsel may be heard, a hearing ("Hearing") will be held before the Honorable, Michael E. Wiles, The Hearing will be conducted telephonically. Judge Wiles' Courtroom is located at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green New York, NY. 10004-1408. The Hearing is on the motion ("Motion") of the Debtors. All parties wishing to appear are required to sign up to appear at court hearings with the Court's eCourt Appearances tool. Case participants must check in to confirm their appearance in court no later than 4:00pm, one business day prior to the scheduled hearing date. The ecourt appearances tool can be found at the following link:

https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl

The Debtors will move for an Order Pursuant to Federal Rule of Bankruptcy Procedure 5010 and 11 U.S.C. § 350(b) to reopen their bankruptcy, so that they may amend Schedules A/B and C, and have the Bankruptcy Trustee Administer new Assets.

1

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the motion must be made in writing, must conform to the Federal Rules of Bankruptcy Procedure and must be served so as to be actually received no later than Tuesday November 30th, 2021, on counsel to the Debtors, Law Offices of Gregory Messer PLLC, 26 Court Street Suite 2400, Brooklyn, NY 11242.

**PLEASE TAKE FURTHER NOTICE** that failure to respond may result in the Court granting the relief requested in the motion without further notice or hearing.

Dated: Brooklyn, New York
November 10th, 2021

                                            Respectfully submitted,

                                            Law Office of Gregory Messer
                                            Attorneys for Pedro A. Perez JR. and Nilsa M. Perez

                                      By:       */s/ Gregory Messer*
                                                      Gregory Messer
                                                      26 Court Street, Suite 2400
                                                      Brooklyn, New York  11242
                                                      Tel: (718) 858-1474
                                                      Fax: (718) 797-5360

## TABLE OF CONTENTS

**Page #1**

JURISDICTION AND STATUTORY PREDICATES

**Page # 2-5**

FACTUAL BACKGROUND

**Page #5-7**

LEGAL BASIS FOR REOPENING CHAPTER 7 CASE

LEGAL BASIS FOR AMENDING SCHEDULES (Page #7)

**Page#7-8**

Notice

# TABLE OF AUTHORITIES

**Statutes**                                                                 **Pages**

1) 11 U.S.C. § 350(b)..............................................................1,2,5,8
2) 28 U.S.C. § 157..................................................................1
3) 28 U.S.C. § 1334................................................................1
4) 11 U.S.C. §105(a)...............................................................1
5) 11 U.S.C. 541(a)(1).............................................................5
6) 11 U.S.C. 5010..................................................................1,2,5,8

**Cases**                                                                    **Pages**

1) *State Bank of India v. Chalasani* (In re Chalasani), 92 F.3d 1300, 1307 (2nd Cir. 1996).........5
2) *In Re Phillips,* 2010 Bankr. LEXIS 1607 AT *1....................................................5
3) *Slater v. United States Steel Corp.*, 871 F.3d 1174, 1180 (11th Cir. 2018)......................6
4) *In re Arana*, 456 B.R. 161, 170 (Bankr. E.D.N.Y.2011)...........................................6
5) *In re Raggie*, 389 B.R. 309, 311................................................................7

Law Offices of Gregory Messer, PLLC
Counsel to Debtors
26 Court Street, Suite 2400
Brooklyn, New York 11242
Telephone: (718)858-1474
Gregory Messer, Esq.

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------X<br>In re:<br><br>PEDRO A. PEREZ JR. and NILSA M. PEREZ<br>[aka Peter A. Perez and Nilsa N. Rubin]<br><br>               Debtors.<br>-------------------------------------------------------------X | Hearing Date: December 7th, 2021<br>Hearing Time: 10:00am<br><br>Chapter 7<br>Case No: 13-12554-mew |

### MOTION FOR AN ORDER REOPENING CHAPTER 7 BANKRUPTCY CASE UNDER 11 U.S.C. § 350(b) AND RULE 5010 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO ALLOW THE DEBTOR TO REOPEN HIS BANKRUPTCY PROCEEDING AND TO ALLOW THE DEBTOR TO AMEND SCHEDULES A/B and C

TO THE HONORABLE MICHAEL E. WILES, UNITED STATES BANKRUPTCY JUDGE:

PEDRO A. PEREZ JR. the Chapter 7 ("the Debtor") and NILSA M. PEREZ, by their attorney, Gregory Messer, Esq., respectfully submit this motion (the "Motion") seeking an entry of an Order (i) reopening the Debtors' Chapter 7 case pursuant to 11 U.S.C. § 350(b), and Rule 5010 of the Federal Rules of Bankruptcy Procedure, (ii) allowing the debtors to amend their Schedules A/B and C and (iii) granting such other and further relief as this Court deems just and proper, and respectfully states as follows:

### JURISDICTION AND STATUTORY PREDICATES

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the relief requested herein are Bankruptcy Code §§105(a), 350(b), Rule 5010 of the Federal Rules of Bankruptcy Procedure.

1

## FACTUAL BACKGROUND

PEDRO A. PEREZ, JR. and NILSA M. PEREZ, by their attorney, Gregory M. Messer, hereby move this Court pursuant to Federal Rules of Bankruptcy Procedure 5010 and Bankruptcy Code Sections 350§ (b) for an Order reopening their Chapter 7 case.

1. The Debtors filed their Chapter 7 Petition on August 2nd, 2013 through their former bankruptcy counsel, Peter T. Nguyen, Esq., hereafter "former bankruptcy counsel."
2. On November 7th, 2013, the Trustee, John S. Pereira, filed a Chapter 7 Trustee's Report of no Distribution.
3. The Honorable Allan L. Gropper signed and filed an Order of Discharge on January 8th, 2014.
4. The case was closed on January 13th, 2014.
5. Subsequent to the closing of their bankruptcy case, Co-Debtor, PEDRO A. PEREZ, hereafter, "Mr. Perez," discovered that Discover Bank had a judgement against him.
6. On July 19th, 2016, the Debtors, through their former bankruptcy counsel, filed a motion to reopen their Chapter 7 Bankruptcy Case to vacate a judgement lien.
7. On August 23rd, 2016, the Honorable Michael E. Wiles, filed and signed the Order, which re-opened the original Chapter 7 Case of the Debtors.
8. On September 2nd, 2016, the Debtors, through their former bankruptcy counsel, filed a Motion to Avoid a Judicial Lien.
9. At the time the Debtors' Former Bankruptcy Counsel filed the Motion to Reopen the bankruptcy, the Debtors' properties were subject to a judicial lien from Discover Bank, which was unbeknownst to the Debtors at the time they filed their original bankruptcy

2

petition. The lien derived from a Bronx County Civil Court Lawsuit Index No: CV100938-08, in the sum of $9,114.94. The lien was perfected on March 3rd, 2009.

10. On September 21st, 2016, the Honorable Michael E. Wiles, signed and filed the Order avoiding the Judicial lien and closing the Chapter 7 Case.

11. On June 14th, 2018, the Debtors, through their former bankruptcy counsel, filed another Motion to reopen their bankruptcy to vacate a judgement lien.

12. Subsequent to reopening and closing of their original bankruptcy case, the Co-Debtor, NILSA M. PEREZ, hereafter, "Mrs. Perez" ran a title report and discovered that Federated Financial Corporation, as an assignee of Advanta Bank, had a judgement against her.

13. On July 18th, 2018, the Honorable Michael E. Wiles, filed and signed the Order, which opened the original Chapter 7 Case of the Debtors for the second time.

14. On July 19th, 2018, The Debtors, through their former bankruptcy counsel, filed a second Motion to Avoid a Judicial Lien. At the time this motion was filed, the Debtors owned one piece of real property: 1) A one family house located at 2214 Kingsland Avenue, Bronx, NY. 10469

15. The property located at 2214 Kingsland Avenue, Bronx, New York 10469 was subject to the following judicial lien, as per a Bronx County Civil Court Lawsuit Index No: 309409-11, in the sum of $32,087.39. The lien was perfected on October 24th, 2011.

16. On August 22nd, 2018, The Honorable Michael E. Wiles, filed and signed the Order, avoiding the Judicial lien and closing the Chapter 7 Case.

17. The Debtors now make this Motion due to an injury suffered by the Co-Debtor, Mr.

3

Pedro A. Perez.

18. On December 1st, 2011, on a job site, Mr. Perez fell of a Scaffolding. He suffered multiple injuries to his back, hips as well as internal bone and ligament damage. He had an IVC Filter implanted on 12/14/2011. The filter was implanted to prevent Mr. Perez from getting blood clots. On April 17th, 2021 Mr. Perez was diagnosed with a fractured strut, perforation, embedment and also tilt of the IVC Filter. Mr. Perez underwent a procedure to try and remove the filter, but the procedure was unsuccessful. The Doctors advised Mr. Perez that the IVC filter couldn't be removed unless a further surgical procedure was conducted.

19. At some point in 2016, Mr. Perez discovered, through a television advertisement, that other individuals had filed product liability claims against the manufacturer of this particular IVC Filter, Cook Medical Inc. Mr. Perez sought out the services of the Law Firm of Matthews & Associates 2905 Sackett Street Houston, TX. 7709, hereafter "personal injury counsel."

20. Personal Injury Counsel, without knowledge of the bankruptcy proceeding, eventually entered into a proposed settlement agreement between Mr. Perez and Cook Medical Inc. The Total Gross Settlement Amount was $119,972.74. The personal injury counsel gross attorneys' fees was $47,989.09. The Court Ordered Costs and Expenses totaled $10,430.09, and there was a lien of $1,825. Mr. Perez's Gross Payment was $59,728.55. He received a partial payment of $22,074.98 on March 14th, 2020. As of the date of this Motion, Mr. Perez has not received the balance of his settlement proceeds. **See Exhibit A** "Settlement Form"

4

21. Due to the fact that Mr. Perez's product liability claim and his receipt of subsequent settlement proceeds both occurred after his original chapter 7 case was closed, he was unaware that settlement proceeds were property of the bankruptcy estate.

22. Therefore, Mr. Perez, now seeks to reopen the original Chapter 7 bankruptcy, so he may amend his Schedules A/B and C to report new assets, and to have the Trustee administer these assets.

### LEGAL BASIS FOR REOPENING CHAPTER 7 CASE

23. Bankruptcy Rule 5010 states that "[a] case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." Bankruptcy code § 350(b) provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Whether to reopen a case is left to the sound discretion of the Bankruptcy Court. *See, State Bank of India v. Chalasani* (In re Chalasani), 92 F.3d 1300, 1307 (2nd Cir. 1996).

24. A post-petition lawsuit is considered part of the bankruptcy estate. *See 11 U.S.C. 541(a)(1)*. "The action became property of the bankruptcy estate as of the petition date, even though the Action was not listed in the schedules, and property that is neither abandoned nor administered remains property of the estate even after the case is closed." *See In Re Phillips,* 2010 Bankr. LEXIS 1607 AT *1.

25. "Even though the Debtor failed to disclose potential claims on Schedule B, the lawsuit is a contingent unliquidated claim, and is property of the bankruptcy Estate." *See Id.*

5

"Additionally, because a Chapter 7 Debtor forfeits his prepetition assets to the estate, only the Chapter 7 trustee, not the debtor, has standing to pursue a civil legal claim unless the trustee abandons the asset, which then returns the claim to the possession and control of the debtor." *Slater v. United States Steel Corp.*, 871 F.3d 1174, 1180 (11th Cir. 2018).

26. "Therefore, since the Lawsuit is part of the Bankruptcy estate, the case should be reopened to allow the Debtor to schedule the Lawsuit and for a chapter 7 trustee to evaluate the value of the unliquidated claim to the Bankruptcy Case." *See In re Arana*, 456 B.R. 161, 170 (Bankr. E.D.N.Y.2011)

27. Here, Mr. Perez signed the Retainer agreement with Personal Injury Counsel on April 25th, 2016. At the time he signed the Retainer Agreement he was not presented with an immediate settlement agreement, and he was unaware that he had to report to the Bankruptcy Trustee any product liability lawsuit, or any potential product liability lawsuit.

28. Given that Mr. Perez's product liability action accrued before he filed his original Chapter 7 Bankruptcy, and he received the partial settlement of $22,074.98 on March 14th, 2020, which was after his bankruptcy had been closed for the second time, his settlement proceeds are property of the bankruptcy estate and his case should be reopened.

### LEGAL BASIS FOR AMENDING SCHEDULES

29. "Even when a case has been closed, a motion to reopen to amend a schedule should be

6

liberally granted unless the omission was a result of regard to their right to participate in a dividend or obtain a determination of dischargeability." *In re Raggie*, 389 B.R. 309, 311.

30. Here, Mr. Perez's original bankruptcy cased was re-opened and closed several times, but according to the United States Bankruptcy Code, the case can be reopened to amend schedules before the case is closed again. Mr. Perez would like to amend Schedules A/B and C to list the Gross Settlement amount he has received from his Products-Liability Settlement, and to take the appropriate exemption.

## NOTICE

31. The Notice of Motion, Motion, and Affidavit in Support will be served upon the Debtors, the former bankruptcy trustee, the Debtors' former bankruptcy attorney, the Office of the United States Trustee, and any parties who have filed Notices of Appearances in this case or Proof of Claims in this case. The Notice of Motion, Motion, and Affidavit in Support will be sent to all creditors through the Bankruptcy Noticing Center and the "ECF" Electronic Filing System.

32. It is respectfully requested that this be deemed good and sufficient notice of the motion and the hearing scheduled herein, and that no further notice is necessary or required.

WHEREFORE, the Chapter 7 Debtors respectfully pray for an Order (i) reopening the Debtors' Chapter 7 case pursuant to 11 U.S.C. §350(b), and Rule 5010 of the Federal Rules of Bankruptcy Procedure and (ii) allowing the Debtors to amend their Schedules

A/B and C and (iii) granting such other relief as this Court deems just and proper. Based on the foregoing, the Law Office of Gregory Messer respectfully requests that the Court enter an Order granting this Motion to Reopen the Chapter 7 Bankruptcy Case, and granting such other and further relief as is just and proper.

Dated: Brooklyn, New York

November 10th, 2021

                                Respectfully submitted,

                                Law Office of Gregory Messer
                      Attorneys for Pedro A. Perez JR. and Nilsa M. Perez

                      By:        ***/s/ Gregory Messer***
                                       Gregory Messer
                                       26 Court Street, Suite 2400
                                       Brooklyn, New York 11242
                                       Tel: (718) 858-1474
                                       Fax: (718) 797-5360

# Exhibit A

| MATTHEWS & ASSOCIATES<br>2905 SACKETT ST.<br>HOUSTON, TEXAS 77098 | **IVC FILTER LITIGATION TEAM**<br>ATTORNEYS AND COUNSELORS AT LAW | FREESE & GOSS, PLLC<br>3500 MAPLE AVE., SUITE 1100<br>DALLAS, TEXAS 75219 |
|---|---|---|



Reply to Houston Office
Toll-Free 1-888-520-5270
Direct Fax: 713-535-7133
ivc@thematthewslawfirm.com



## COOK IVC FILTER SETTLEMENT STATEMENT

**Claimant:** Pedro Perez          **Case No. 325413**          July 26, 2021

**TOTAL GROSS SETTLEMENT:** ............................................................................. $ 119,972.74

**GROSS ATTORNEYS' FEES*** (40% of Gross Payment): ....................... LESS: $ 47,989.09
*Per contract. Multiple law firms are sharing the attorney's fees and this does NOT in any way increase your TOTAL fees paid.

**The total attorneys' fees will be divided as follows:**
- Court Appointed Common Benefit Attorneys ............................. $ 7,198.36
- Matthews & Associates ................................................................... $ 10,197.68
- Freese & Goss .................................................................................. $ 10,197.68
- Ferrer, Poirot & Wansbrough ........................................................ $ 6,118.61
- Cracken LLP .................................................................................... $ 12,237.22
- Goldwater Law Firm ...................................................................... $ 2,039.54

**SUBTOTAL (after fees)** ........................... $ 71,983.65

**COSTS & EXPENSES:** ........................................................................... LESS: $ 10,430.09
**Details:**
- Court Ordered Common Benefit Assessment Expenses ............. $ 2,399.45
- General Expenses ........................................................................... $ 6,408.60
- Case Expenses (Matthews & Associates) .................................... $ 1,622.04

**SUBTOTAL (after fees & expenses)** ...... $ 61,553.55

**LIENS:** ........................................................................................................ LESS: $ 1,825.00
**Details:**
- Lien Resolution Fee ........................................................................ $ 950.00
- Medicare Lien - Finalized .............................................................. $ 875.00
- Medicaid Lien - Finalized .............................................................. $ 0.00

**CLAIMANT'S NET SHARE OF GROSS PAYMENT ****................................... $ 59,728.55
**PARTIAL DISTRIBUTION 03/14/2020** ..................................... LESS: $ 22,074.98
**FINAL NET DUE CLAIMANT*** ............................................................... $ 37,653.57

By cashing the enclosed check, the Client named above:
- approves the foregoing accounting and authorizes disbursements as listed above;
- acknowledges that his/her attorneys and their employees are not on notice of any right of subrogation (unless reflected above), and if any other party/company/provider has subrogation rights or an assigned interest, Client agrees to pay for the same;
- Death cases only: By cashing this check, client represents that he/she has been authorized by the Estate of the decedent, if any, or any individual holding a superior interest in these settlement proceeds, to receive the settlement funds herein. Client further acknowledges that if there are others entitled to some or all of the settlement proceeds, he/she is accountable to them.

**Claimant's Net Share of Gross Payment equals TOTAL GROSS SETTLEMENT minus GROSS ATTORNEYS' FEES minus COSTS & EXPENSES minus LIENS

Law Offices of Gregory Messer, PLLC
Counsel to Debtors
26 Court Street, Suite 2400
Brooklyn, New York 11242
Telephone: (718)858-1474
Gregory Messer, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

PEDRO A. PEREZ JR. and NILSA M. PEREZ
[aka Peter A. Perez and Nilsa N. Rubin]

        Debtors.
------------------------------------------------------------X

Hearing Date:
Hearing Time:

Chapter 7
Case No: 13-12554-mew

## AFFIDAVIT IN SUPPORT OF MOTION

STATE OF NEW YORK  )
                              )SS.:
COUNTY OF BRONX    )

PEDRO A. PEREZ JR, being duly sworn, hereby deposes and says that:

1. I am one of the Chapter 7 debtors herein having filed a Petition on August 2nd 2013. I am submitting this Affidavit in support of the Motion seeking an Order (i) reopening the Debtors' Chapter 7 case pursuant to 11 U.S.C. § 350(b), and Rule 5010 of the Federal Rules of Bankruptcy Procedure, (ii) allowing the debtors to amend their Schedules A/B and C and (iii) granting such other and further relief as this Court deems just and proper.

2. My bankruptcy was closed on August 22nd, 2018 after being reopened for the second time.

3. During the time when my bankruptcy was reopened for the second time, on July 18th, 2018 and then closed on August 22nd, 2018, I was still engaged in my products liability claim with Cooke Medical Inc. I did not receive any of the proceeds from the settlement during that time.

4. As of the date of this Affidavit, I have received only $22,074.98 of out of the $37,653.57 that is owed to be in settlement proceeds.

5. I'm asking that the Motion to reopen the bankruptcy be granted so that my bankruptcy schedules can be amended and these new assets can be properly administered by the bankruptcy trustee.

**Acknowledgement Form**

State of _New York_ )

)ss.:

County of _Bronx_ )

On the _16th_ day of _October_ in the year _2021_, before me, the undersigned notary public, personally appeared _Pedro Perez_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____ Notary Public

[Notary Seal: NICHOLAS FATIGATE, NOTARY PUBLIC, ID Number 01FA6318122, Comm. Expires Jan. 20, 2023, QUALIFIED IN BRONX COUNTY, STATE OF NEW YORK]

_Pedro A. Perez_ (signature)